Good morning, Your Honors. Stanley Panikowski for the appellant, GMRI Inc. I plan to reserve three minutes for my rebuttal. All right. Your Honors, the parties in this case clearly and unmistakably delegated the threshold question of arbitrability to the arbitrator. And plaintiff did not specifically challenge the enforceability of the delegation clause in the district court, as required. In fact, as I read what the district court said, he said the plaintiff's brief argued the entire agreement, including the delegation clause, was unconscionable. So they only talked about unconscionability, and so the district court moved unconscionability. Isn't that what happened? Your Honor, the district court did decide unconscionability of the DRP as a whole. However, the district court did not identify any place in plaintiff's opposition to GMRI's motion to compel arbitration where the plaintiff specifically challenged the delegation. Did the plaintiff ever specifically challenge that clause? Your Honor, not in the district court. Only on appeal has plaintiff tried to fashion a challenge to the enforceability of the delegation clause. The only argument— Isn't the question—there are two separate questions, it seems to me. One has to do with the unconscionability or not of the agreement as a whole, whether or not it has the delegation clause in it. And the other has to do with the scope or enforceability specifically of the delegation clause. And my concern is that I don't see anywhere in the contract where the threshold question of the unconscionability of the contract as a whole is for anyone except the court. Your Honor, in the DRP there are several provisions that make clear that all questions of arbitrability except for the few express carve-outs at page 213 of the excerpts of record are for the arbitrator. And, Your Honor, first at— Arbitrability is not the same as unconscionability of the contract as a contract. Your Honor, unconscionability is a species of arbitrability issue, and that is made clear in the cases that we cite at page 8 of our reply brief. Those cases, as far as I could tell, have different wording in the contract than is present here. Your Honor, that is correct. That can be important, can it not? Your Honor, it can be important in certain cases, but what's relevant from those decisions here is not the specific language of those contracts, but the fact that, for example, this court in Caremark at page 1029 was talking about gateway questions of arbitrability, such as whether the agreement covers a particular controversy or whether the arbitration provision is enforceable at all. And therefore, this court identified enforceability as a type— But it also viewed those as separate questions, which was what I was saying. It had questions, including the scope of the arbitration and the enforceability of the contract, as separate questions. Your Honor, those are separate questions when it is appropriate to address them. Scope is one issue, and then enforceability is another issue. Here, the plaintiff at pages 22 and 25 of the response brief, as we explained in our reply brief, appears to concede that enforceability is a type of arbitrability issue, and therefore, if this court were to conclude that the DRP delegates arbitrability to the arbitrator clearly and unmistakably, that would include enforceability challenges and unconscionability challenges. But there's two separate questions, and I'm not sure that I understand your answer in response to what Judge Graber was saying. Yes, Your Honor. Do you see that there are two distinct gateway questions? And if your answer is yes, I see that, but there's concession on the other side, and that's separate. What's your position? Right. So, Your Honor, our position is that when the DRP at pages 217 and 218 of the excerpts of record says that the arbitrator will have sole authority to decide whether a dispute is arbitrable, that that encompasses all questions relating to arbitrability, such as scope, enforceability, unconscionability, other validity issues. I think that's an argument. Are you familiar with the California case of Beko v. Fast Auto Loans? Because I think that has a very similar provision to this case, and the California Court of Appeals considered the gateway issues as two distinct issues. And in fact, they said that the latter issue is distinct enough that if the parties actually contemplated it at the time of contracting, they can expressly say, well, questions of enforceability of the arbitration provision, you can write that into the contract. And because they didn't do so, you can look at this as two distinct gateway questions. Correct, Your Honor. And it is certainly possible, Your Honor, that parties can divide up various threshold questions of arbitrability and decide, for example, that scope issues go to an arbitrator and that enforceability issues go to the court. However, that is not what the parties did here. At pages 217 and 218 of the excerpts of record, there is an indivisible delegation clause that says that the arbitrator will have sole authority to decide whether the dispute is arbitrable and whether it has been timely filed and pursued. Isn't it also the case that in this particular agreement, even if one were to make this distinction, that the parties expressly included the AAA rules in this agreement, which not only would suggest that the parties clearly and unmistakably delegated this to the arbitrator, it says right in those rules that the enforceability is something the arbitrator would take up, right? Yes, Your Honor, that is correct. And under this Court's decisions in Karamark and Brennan, the incorporation of the AAA rules is yet another reason why the parties here clearly and unmistakably delegated threshold issues of arbitrability to the arbitrator. Counsel, I have a question about that. Yes, Your Honor. It appears to me that our cases on that have left open the question of an unsophisticated contracting party. Those cases explicitly dealt with sophisticated parties who would understand that the incorporation of the AAA rules encompasses the incorporation of the enforceability of the contract. And here, it seems to me, we have a classic unsophisticated individual who's a cook at a sort of chain restaurant. And we've left that question open. So is it your position that even an unsophisticated individual, such as the plaintiff here, is bound to delve into the AAA rules and understand that that's an unmistakable delegation? Before you answer that, I don't ever think that the opposition has even raised that issue, have they? We didn't even talk about unsophisticated or not. Now, Judge Graber may want to hold as a question of law that a cook is not very sophisticated, but I'm not there. I'm not going to do that on my own. I've got to have somebody argue it. So did they ever argue that? I appreciate that. I'd like you to answer Judge Smith's question, but I'd also, after that, like you to answer mine. Yes, Your Honor. And Your Honors, if I may answer both at once, please. The plaintiff did not argue here a lack of sophistication. The district court did not make any finding with respect to sophistication or lack thereof. And there is nothing in the record that indicates sophistication or lack thereof. And that is why, Your Honor, GMRI has not taken any position in this case as to whether this court's precedents in Caremark and Brennan would be extended to unsophisticated parties. Rather, GMRI has argued as essentially the third reason why the delegation of arbitrability questions to the arbitrator is clear and unmistakable is the agreement's incorporation of the AAA rules at page 218 of the excerpts of record. And in that same provision, Your Honors, GMRI did say in the arbitration agreement that you can find those rules at this website or by doing a Google search. However, Your Honor, that is not the only basis for the clear and unmistakable nature of the delegation here. That is in the provisions at pages 217 and 218 of the excerpts of record. And moreover, Your Honors, plaintiff has appeared to concede at pages 22 and 25 of his response brief that, yes, if you find that there was a clear and unmistakable delegation here, that does include the issue of enforceability. And that concession is well supported by the cases that GMRI has cited at pages 8 and 9 of the reply brief, where this court has, in dealing with different contracts, has described generally enforceability as a type of arbitrability issue. The argument, Your Honors, that GMRI has responded to is the only argument with respect to the delegation clause that the plaintiff made below. Plaintiff did not make below any challenge that was specific to the delegation clause on unconscionability grounds. We see that at their opposition to the motion to compel arbitration at pages 31 to 50 of the excerpts of record. What plaintiffs instead argued was that the delegation clause was not clear and unmistakable. That is not a challenge to the delegation clause in terms of its enforceability. Rather, that's an argument about its scope. The district court did- Counsel? Yes, Your Honor. Before you run out of time, I have one additional question on a slightly different topic. And for the purpose of this question, I'd like you to assume that we can look at the issue of unconscionability. And it appears to me that the timing provisions may render this unconscionable because they are so short in comparison to the normal time limits for bringing a claim. In your view, is that an unconscionable provision? And if so, would it render the entire arbitrability provision unconscionable? Your Honor, that provision is not unconscionable. And that is because of the plain language of the provision at page 214 of the excerpts of record. Your Honor, if I may quote, the relevant sentence in that provision says, where time limits for filing a claim, i.e. statutes of limitations, cannot be modified by agreement of the employee and the company, the legally mandated time limits applicable to the claim will apply. And that means, therefore, Your Honor, that in whatever jurisdiction the matter happens to be, you look at the applicable law of that jurisdiction. Here, we're in California. And California has case law that prohibits the unreasonable shortening of statutes of limitations. And, therefore, in California, you may have a conflict here. What distinguishes this case, Your Honor, from the cases cited by the district court and plaintiff of De Leon, Baxter, and Pinella, is that savings provision in the agreement. In De Leon, there was simply a one-year statute of limitations with no clause like the one at page 214 of the excerpts of record here that says, if we're unable to accomplish the shortening that this agreement provides for by default under the applicable laws of the jurisdiction, then the legally mandated time limits override the contract and apply. There was no such provision. I'm going to interrupt you just a little bit because I've read this in your brief, so I'm not sure. I need you to tell me that. I thought the better part of Judge Graber's question was, assuming that this were an unconscionable provision, would that be an overriding factor as to this being an unconscionable agreement? No, Your Honor. The standard for unconscionability in California is not simply that the contract be a simple, old-fashioned bad bargain, but rather that the terms need to be oppressive, unduly harsh, overly burdensome. And, Your Honor, if this provision were found to be the sole ground of substantive unconscionability, it would not rise to that level. We would have a situation where – And have you addressed the unconscionability of the cost provision? Because you said this might be the sole ground. And I'm concerned on the cost provision as well because there's California law. In this case, the DRP states that the arbitrator is authorized to award fees and costs in accordance with applicable law but doesn't require the arbitrator to do so. And I read authorized, too, as being permissive as in may do it, but you don't have to. So how do you address that? Your Honor, this provision is not unconscionable. And it does clearly state that the arbitrator is authorized to award fees and costs, quote, in accordance with and subject to the limitations of applicable law. And that's at page 218 of the excerpts of record. And by giving the arbitrator that authority, what the DRP is saying is that arbitration is a creature of contract, and we are giving the arbitrator the authority to act in accordance with applicable law when it comes to the award of fees and costs. It would not make sense, Your Honor, for the DRP to say that the arbitrator is required to award fees and costs because whether it's required depends on the requirements of applicable law. For example, both parties have cited some labor code provisions where if the plaintiff prevails, plaintiff is entitled to reasonable attorney's fees and costs. Under the DRP, both that provision, Your Honor, as well as the provision at page 219 of the excerpts of record that says the arbitrator will have the same authority as a court of law. You read that authorized as mandatory? Yes, Your Honor. That entire clause is mandatory when it says the arbitrator is authorized to award fees and costs in accordance with and subject to the limitations of applicable law. So all that the arbitrator is being authorized to do is to act in accordance with whatever the underlying applicable law says with respect to fees and costs. There's no discretion to deviate from that. I have an argument. I'm taking you over time, but let me see if my colleagues have any additional questions. No. All right. Thank you, Your Honor. I know you wanted to save a couple of minutes, so I'll give it back to you. Thank you, Your Honor. Good morning, Your Honors. The police and the court. I think the threshold issue here is does the delegation term expressly and with clear and unmistakable ability, I guess, make it clear that only the arbitrator has the ability to decide questions of unconscionability or enforceability? Well, it seems to me that when I read your brief, as counsel suggested, that you concede that the question of whether the dispute is arbitrable includes the questions regarding the enforceability of the arbitration agreement and all other claims except those that are specifically carved out. That's what you say right in the middle of your brief. Well, no, Your Honor. In the beginning of what we first say that the clear and un... I'm trying to read what your brief says. You tell me where you suggest that enforceability is carved out in any way. It seems to me that you suggest arbitrable is enforceability unless it's specifically carved out and it wasn't carved out in this agreement. And therefore, I'm having a tough time understanding how I get there with your brief. I understand. There's nothing to carve out. I'm sorry, but the carve out is the severance clause? Is that what we're focusing on now? The arbitration agreement in itself does not state in expressed terms that only the arbitrator may decide either unconscionability or enforcement or anything of that sort. That's the argument.  I'm sorry? It says arbitrable. It decides all issues which are arbitrable and whether the dispute is arbitrable. Now, do you make any argument in your brief that there's a distinction between the questions of arbitrability and the question of enforceability? If you do, where do you make it? Well, counsel, I would... I appreciate Judge Graver, you'd like to answer that. I'd like to have him answer it because I don't think he does. Okay, I'm looking at page 21 myself. The first sentence under sub A is precisely the question that I've been asking, I think. I don't... Well, I appreciate you want to make that argument, but I'd like to have him make it since he's got the client. Yes, Your Honor. The argument that the... We made the argument that the delegation term that uses the term arbitrable disputes does not encompass the decision on whether the agreement is enforceable or whether there's unconscionability. Okay, so if I give you that, I'll just give it to you. Then if your agreement incorporates the AAA rules, which suggest that there's clear and unmistakable evidence that the parties delegated the questions of arbitrability to the arbitrator, then why is the exact wording of the delegation clause even relevant? Because the AAA rules don't, as a matter of law, incorporate into an arbitration agreement... Well, just a minute. Maybe I ought to read those rules. The AAA rules say, and I'll read them through you, the arbitrator shall have the power to rule on his or her own jurisdiction, including objections with respect to the validity of the arbitration agreement. That's correct. That's right in there. That's correct, Your Honor. Which says that it encompasses exactly what you're talking about. But it doesn't say that the arbitrator, the rule doesn't say the arbitrator has the sole authority to do that. It does. No, it doesn't. I just read it to you. It says, shall have the power to rule. Shall have the power to rule. But it doesn't say that it's the only one that can rule on that. It talks about, once you get into the arbitration, the arbitration, whether an arbitrator or a judge has the right to determine unconscionability or enforceability is a matter of contract. There's nothing in the contract that you can point to, or anyone can point to, that says that only the arbitrator may consider questions that are contained in the AAA. On top of that, the AAA rules weren't provided. All right. And the district court found that. Let me ask you this. If you knew that the AAA was going to be the thing that was going to be argued here, why is it that you didn't ever talk about a sophisticated party? Well, because that never comes up when you're talking about contracts. That's the only precedent we have in our precedent which would get you out of being subject to the AAA. It's that your client is not sophisticated, and yet there's nothing in this whole record that suggests that it's not sophisticated except somebody who wants to say because of their position or what they do that somehow they're not, which is not even here. I mean, I'm trying to figure out if you knew the AAA. I mean, it isn't unclear what Brennan says about the AAA, and it isn't unclear that our only way to get out of this in any place, maybe get out of it, is sophistication, that one would argue that my client isn't sophisticated. Well, we didn't use the words sophisticated. I admit that. But the point is that the AAA rules, right, in the case that said that they lend credence to the fact that only the arbitrator has the authority to do it, had an express provision that the arbitrator was the only one that could decide enforceability. You really used the word enforceability. You know, one of the questions that we struggle with in terms of whether the analysis should differ as to unsophisticated parties, because the record suggests that that may be a viable argument for you, is that California is quite favorable to your case as to whether the mere incorporation of the AAA rules alone should be viewed as an unmistakable delegation. And so the fact that you may have an unsophisticated client really matters when it comes to this argument of incorporation of the AAA. And we generally have a rule that if arguments aren't specifically raised and preserved, they're deemed forfeited. So what's your best argument on why forfeiture should not be applied in this particular case? The rule itself? Well, as far as the AAA rule, my argument is that it does give the arbitrator the authority to do that if the contract allows it to happen. It's not just something that you incorporate and then as a matter of law, it takes the place of a delegation clause that's clear and unmistakable in regard to that issue. It's not even in the agreement to begin with. It wasn't provided. Even if he was sophisticated, it wasn't provided. He had to sign this agreement and then he could go look it up and it says it's there and the district court found that that agreement was not provided in regard to the contract itself. So you can incorporate rules and the rules of AAA, 95% of them only talk about the procedure of the arbitration. That one rule that says that the arbitrator has the authority to do this, I don't think it supplants an arbitration agreement that doesn't provide that authority in the first place. It just says we can do it if the contract says you can. But the contract, as we were looking at, doesn't say anything of that sort. And I was looking at the cases. I'm not sure I understand your answer to my question, and perhaps I didn't ask it well. I think what we're talking about is the general rule that incorporation of the AAA rules, that can constitute a clear and unmistakable evidence that the party's intended to arbitrate the arbitrability question. That analysis or the application of that rule can differ if a party's unsophisticated. So, in other words, if you've got an unsophisticated client, then that rule may not be applicable. There are multiple California Court of Appeals cases that have rejected the notion that merely incorporating the AAA rules alone indicates clear and unmistakable intent. And so you didn't make that argument. You didn't rely on the unsophisticated nature of your client. I don't know if that's true or not. Maybe it is. And so normally when you don't make an argument, that argument is deemed waived or forfeited. So my question to you is, well, should we not apply the usual waiver and forfeiture question to this case? And if we don't apply it, why is that the case? Well, I wouldn't apply it. I don't think we actually forfeited anything. Because what I'm saying is that when you look at when we argued that the clear and unmistakable standard wasn't met, that simply going to the AAA rules to show that an arbitrator may, I don't see how an incorporation of something that allows an arbitrator to do something, such as to rule on a particular issue, trumps the arbitration agreement that was signed in general, as to whether or not there was clear and unmistakable language that only the arbitrator, only the arbitrator has the right to determine enforceability. That's the only answer I can give you, Your Honor. Counsel, it sounds to me, I just want to be sure I understand your argument. Your argument, as I understand it, is that you are not relying on whether or not your client is sophisticated or unsophisticated. You're making a different argument entirely, which has to do with clear and unambiguous and the role of the reference to the AAA rules. Is that what I'm hearing you say? Well, generally, yes, Your Honor, but I can't say that, generally speaking, the courts have recognized, and I didn't specifically argue it because it was to me a sort of a given in my mind, that a cook is an unsophisticated employee. I'm not saying it now. He's not a sophisticated party, such as you found in Stolt-Nielsen or something like that. I understand your answer to be that you're just rejecting the premise that there is such a general rule. Well, when I read the rule, I read it as an accompanying rule. I read it as a rule that says if there is language that's clear and unmistakable, and then you have a severance package, a severance clause that says, okay, we're delegating this to the court to determine if the PAGA waiver is enforceable, et cetera, then the incorporation of the AAA rules lends credence to the fact that that is a carve-out. You know, it just enforces the first part where, like in Mohammed, where it said disputes arising out of a relating to or interpreting an application of the provision includes the, quote, enforceability, revocability, or validity of the arbitration provision. Every case that I've seen that had it incorporated in the AAA rules into it had a clear and distinct and unmistakable delegation clause that said that the arbitrator is the only one that can do that. And then they turn around and say, okay, now look at the AAA rules. It says the AAA rules say that he can't he's authorized to do it. Well, he's not authorized to do it by the rules. He's authorized to do it by the contract. But maybe I could change the area that we're in. If you really believe that the delegation clause was the thing that needed to be challenged and it was the clause that should get the big challenge in this particular case, why is it that you challenged the agreement based on unenforceability, based on unconscionable and unenforceable terms like recovery of costs, attorney's fees, timing provisions, and the waiver of the right to the PAGA? It seems to me by saying that you oriented the district court to the idea that it could make a decision here simply based on those particular terms being unconscionable and unenforceable and make a decision, and therefore the district court didn't really focus on the delegation clause as it should have. So I'm saying why didn't you focus on the delegation clause? Why did you focus on these unenforceable and unconscionable terms in making your argument? Number one, the first thing we stated in our argument was that the delegation clause was not clear and unmistakable, and this is on page 40 of the excerpts, and the trial court is the proper decision maker. That was the first thing. To me it was clear. So he missed it? I don't know. I wasn't there. I'm not being flipped. So the district court missed it? I mean I'm reading the district court's decision, and the district court's decision suggests that your argument in your brief suggests that the delegation clause is unconscionable because of the unenforceable and unconscionable terms, and therefore he made all kinds of a big opinion on those terms and didn't ever talk about the delegation clause, and that's what's giving your opponent the right to come here because your opponent is reading the law, which is dead set against that, which is out of Veranda Center you've got to beat on the delegation clause or it's going to apply and this is going to be arbitrated. So I'm saying to you it seems to me you misled the district court here. I did not mislead the district. Or you're saying he missed what you argued. Is that what you're saying? Plaintiff questions both. Here's what the district court, my reading of the order. Plaintiff questions both conditions to enforcing the delegation clause. He claims the parties have no valid arbitration agreement due to unconscionability and alternatively that the delegation clause is ambiguous and therefore not clear and unmistakable of intent to delegate gateway issues to the arbitrator. We argued two issues. One, that the arbitration agreement does not contain clear and unmistakable evidence or statements or delegation terms that only the arbitrator has the ability to determine enforceability or validity or any of the things that we're talking about right now as far as that. We also, and I apologize, I missed it completely when they were saying that we never argued that the delegation clause was unenforceable because of unconscionability. I was focusing on what the court had said in regard to the cost provision. But then I looked. All right. We've taken you over time, counsel. If you can wrap up, please. All right. Well, our whole position was that we did address all of the issues that were there, that we did address the unconscionability issue in regard to the arbitrator being able to dismiss cases that were not brought timely in regard to the DRP's internal constraints in regard to timing. And that, in general, in regard to whether the agreement should be enforced when the judge decides that he has the authority to rule on the agreement, that's why we focused on the unconscionability issues that we did. Thank you, counsel. Thank you, Your Honor. Your Honors, I would like to make two points, please. First, plaintiff never made any argument in the district court that challenged the enforceability of the delegation clause on grounds specific to the delegation clause. Therefore, plaintiff did not do what this court has expressly held in BLCB coinbase must be done to sufficiently challenge a delegation provision. At 87F4 page...  Yes, Your Honor. Is it not a permissible argument to say that a delegation clause is not clear and unmistakable and therefore is not sufficient to remove an issue from the district court to the arbitrator? Is that an available argument? Yes, Your Honor, that's an available... And isn't that exactly the argument that was made to the district court in the alternative? No, Your Honor, that argument was not made in the alternative with respect to the delegation clause. That, Your Honor, was the only argument that plaintiff made below... Okay, but that is a valid argument. So if the clause, if the delegation is not clear and unmistakable, that is a sufficient answer, correct? I know you disagree with that, that you think it is clear and unmistakable, but whether it is or it isn't, it seems to me to be the issue in front of us. Your Honor, yes, that is one of the issues here. If I may distinguish, Your Honor, between the question addressed in BLCB coinbase and Rennes Center about the need to challenge a delegation clause on unenforceability grounds. In order to do that, the court said, you need to specifically reference the delegation provision and make arguments challenging its enforceability. You may use the same arguments to challenge both the delegation clause and the arbitration agreement as a whole, but only, this court held, so long as the party articulates why the argument invalidates each specific provision. Your Honor, that covers the issue of unconscionability, and plaintiff never made such an argument below, and it's too late to do so on appeal. The other argument, Your Honor, about whether the delegation clause is clear and unmistakable, we do not construe that as a challenge to the delegation clause. It's rather an argument about, is it clear and unmistakable enough to delegate the threshold question of arbitrability to the arbitrator? And that's my second point I'd like to raise and rebuttal, Your Honor, if I may, which is plaintiff did make that argument below, but we need to look at what the basis was for making that argument. Plaintiff did not say that the delegation clause lacks clear and unmistakable evidence of intent because enforceability is not part of arbitrability. Rather, at page 41, the reason that plaintiff gave for it is saying, in fact, the DRP states that courts would decide issues of unconscionability in regard to the class action, PAGA, and other waivers. That's the same argument made at pages 23 and 24 of plaintiff's response brief on appeal. We address that argument in detail at pages 12 to 17 of our reply brief, showing why this court's precedential decision in Mohammed, which plaintiff ignored, compels the opposite conclusion and why plaintiff's cases are distinguishable. However, despite the topic sentence that Your Honor quoted at page 21 of the response brief, there was never such an argument. Thank you, Your Honors. Thank you. Thank you very much to both sides for your helpful arguments this morning. The matter is submitted.
judges: GRABER, SMITH, NGUYEN